IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CASE NO. 2:24-cr-00028 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | |
| JEREMIAH MORRISON, | : | |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

On April 24, 2024, Defendant Jeremiah Morrison pled guilty to three counts involving child pornography: distribution of child pornography by a person previously convicted of an offense relating to sexual abuse of a minor, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Count 1); possession of child pornography by a person previously convicted of an offense relating to sexual abuse of a minor, in violation of 18 U.S.C. §§ 2252(a)(4)(b) and (b)(2) (Count 2); and transportation of obscene matters, in violation of 18 U.S.C. § 1462 (Count 3).

On August 6, 2024, the U.S. Probation Office issued its final presentence report ("PSR"), to which Mr. Morrison lodged two objections. (ECF No. 46). First, he challenged the PSR's recommendation for the five-level "pattern-of-activity" enhancement under U.S.S.G. § 2G2.2(b)(5). Second, he contested the appropriateness of monetary assessments under the Justice for Victims of Trafficking Act (JVTA), 18 U.S.C. § 2259A, and the Amy, Vicky, and Andy Child Pornography Victim Assistance Act (AVVA), 18 U.S.C. § 2259.

On December 18, 2024, this Court heard oral argument on Mr. Morrison's objections and, upon overruling the first objection, sentenced Mr. Morrison to 360 months of imprisonment and a life term of supervised release on Count 1; 240 months of imprisonment and a lifetime term of

1

supervised release on Count 2; and 60 months of imprisonment and three (3) years of supervised release on Count 3. (See ECF No. 73).[1] This Opinion supplements the reasoning stated on the record with respect to the first objection and shall be appended to Mr. Morrison's Judgment and Commitment Order, which will be entered separately forthwith.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 32 governs sentencing procedures in the federal courts. Under Rule 32(d), the U.S. Probation Office ("Probation") must conduct a presentence investigation and disclose its PSR to the parties and the sentencing court. Fed. R. Crim. P. 32(d). Upon receiving the PSR, the parties are required, within fourteen (14) days, to challenge any "material information, sentencing guideline ranges, and policy statements contained in or omitted from the [PSR]" by making written objections. Fed. R. Crim. P. 32(f)(1). At sentencing, a court "may accept any undisputed portion of the presentence report as a finding of fact" but, for any disputed portion of the PSR, it "must . . . rule on the dispute." Fed. R. Crim. P. 32(i)(3)(A)–(B).

The Sixth Circuit requires "literal compliance with Rule 32" and mandates "that sentencing courts explain their calculation methods" to ensure that defendants are "sentenced on the basis of accurate information" and appellate courts are "provid[ed] a clear record. *See United States v. Roberts*, 919 F.3d 980, 988 (6th Cir. 2019); *see also Townsend v. Burke*, 334 U.S. 736, 741 (1948) (criminal defendant has due process right to be sentenced based upon accurate information). "Once the defendant calls the matter to the court's attention, 'the court may not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence.'" *See United States v. White*, 492 F.3d 380, 415 (6th Cir. 2007)

---

[1] The terms of imprisonment imposed for Counts 1 and 2 were to run concurrently to one another, but consecutively to the term imposed for Count 3, and the terms of supervised release were all to run concurrently. (*See* ECF No. 73). This Court also scheduled a hearing on restitution to take place within 90 days. (*Id.*).

2

(quoting *United States v. Solorio,* 337 F.3d 580, 598 (6th Cir. 2003)). Rather, a district court "must affirmatively rule on a controverted matter where it could potentially impact the defendant's sentence." *Id.*; *see United States v. Darwich*, 337 F.3d 645, 667 (6th Cir. 2003) ("[T]he district court had an obligation under Rule 32(i)(3) to issue a ruling on the disputed matter unless the matter would not affect sentencing or would not be considered in sentencing."). When ruling on a disputed portion of the PSR, the court must "must *actually find facts,* and it must do so by a preponderance of the evidence." *White,* 492 F.3d at 416. Only facts that are "sufficiently controverted," however, "trigger the sentencing court's fact-finding duty." *United States v. McGee,* 529 F.3d 691, 700 (6th Cir. 2008) (quoting *United States v. Hurst,* 228 F.3d 751, 760 (6th Cir.2000)) (internal quotation marks omitted).

### III.  ANALYSIS

#### A.  *PSR's Application of § 2G2.2(b)(5)*

In its presentence report, Probation recommended that Mr. Morrison's offense level be enhanced under U.S.S.G. § 2G2.2(b)(5), which provides for a five-level increase if a defendant "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2(b)(5). The application notes define a "pattern of activity involving the sexual abuse or exploitation of a minor" as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation . . . occurred during the course of the offense; . . . involved the same minor; or . . . resulted in a conviction for such conduct." *Id.* § 2G2.2(b)(5) cmt. n.1. "Sexual abuse or exploitation," in turn, means any of the following:

> (A) conduct described in 18 U.S.C. §§ 2241, 2242, 2243, 2251(a)-(c), 2251(d)(1)(B), 2251A, 260(b), 2421, 2422, or 2423;

3

>       (B) an offense under state law, that would have been an offense under any such section if the offense had occurred within the special maritime or territorial jurisdiction of the United States; or
>
>       (C) an attempt or conspiracy to commit any of the offenses under subdivisions (A) or (B).

*Id.* This definition expressly excludes "possession, accessing with intent to view, receipt, or trafficking in material relating to the sexual abuse or exploitation of a minor." *Id.* Probation applied this enhancement based on Mr. Morrison's two prior convictions for voyeurism under Ohio law. (ECF No. 46 ¶ 42). The first conviction, in 2008, was for third-degree misdemeanor voyeurism when Mr. Morrison "videotaped a minor female while she was using the restroom at a grocery store." (*See* ECF No. 46 ¶¶ 42, 63). Citing court records, the PSR explains the circumstances surrounding this conviction:

> On February 14, 2008, Delaware Police Department officers were dispatched to Beuhler's on West Central Avenue on a complaint of a man videotaping people in the bathroom stall. A witness informed police that he took his daughter to the men's restroom. While they were in the stall, he noticed someone in the stall next to him holding a cellular telephone under the divider, videotaping them. He stated he was pulling up his daughter's pants when he observed the camera.

(ECF No. 46 ¶ 63). The second conviction occurred in 2011, this time for fifth-degree felony voyeurism of a minor. Again, citing court records, the PSR provides the following facts underlying this conviction:

> [O]n November 2, 2011, the Columbus Division of Police (CPD) Special Victims Bureau Sexual Assault Unit received a call regarding a child victim who disclosed that while using the restroom inside of the Columbus Metropolitan Library located at 511 South Hague Avenue, Jeremiah P. Morrison was in the stall next to the child victim and was holding a cellular telephone under the divider and was taking pictures and video of the child victim. The victim exited the restroom and notified a nearby adult, library staff, and library security. When the defendant exited the restroom, he was

4

> confronted by security and asked if he had the cellular telephone in his possession. The defendant retrieved his cellular telephone and provided it to security.
>
> The defendant was arrested and transported to CPD headquarters. When advised that a search of his cellular telephone was going to be completed, Morrison admitted to videotaping the victim while he was in the stall. The defendant stated that taking these types of videos aroused him and he watched the videos while sexually gratifying himself. Morrison stated before exiting the restroom, he deleted the video. The defendant stated there would be other videos and pictures found on his telephone when it was analyzed. Jeremiah Morrison stated he was a registered sex offender due to a similar offense in Delaware County, Ohio.

(*Id.* ¶ 70). Probation then concluded that these convictions are "most analogous" to the federal statute criminalizing the sexual exploitation of children, 18 U.S.C. § 2251(a), and thus, a five-level increase under U.S.S.G. § 2G2.2(b)(5) was appropriate.

### B.  Mr. Morrison's Objection and the Government's Response

Mr. Morrison objects to § 2G2.2(b)(5)'s application. He argues that his convictions for voyeurism cannot support an enhancement under U.S.S.G. § 2G2.2(b)(5), because Ohio's voyeurism laws are broader than 18 U.S.C. § 2251(a). He urges this Court to employ a "categorical approach" by comparing the elements required to sustain his voyeurism convictions to the elements of 18 U.S.C. § 2251(a). In support, he cites a recent decision by the Eleventh Circuit Court of Appeals, *United States v. Lusk*, 119 F.4th 815 (11th Cir. 2024), which held that the "Repeat and Dangerous Sex Offender" enhancement under U.S.S.G. § 4B1.5 requires courts to employ a "categorical approach." (ECF No. 72, at 3).

The Government responds that the Sixth Circuit follows a "modified categorical approach," which is less restrictive, and—in any event—the elements of voyeurism under Ohio law are "essentially akin" to the elements of the federal statute criminalizing the production of child pornography, 18 U.S.C. § 2426(b)(1)(A). The Government further maintains that the

5

evidence "shows that [Mr. Morrison] engaged in a 'pattern of activity involving prohibited sexual conduct'," explaining that "prohibited sexual conduct" is defined by the Sentencing Guidelines to include the production of child pornography (ECF No. 51, at 6). According to the Government, Mr. Morrison's "behavior" underlying the 2008 and 2011 voyeurism convictions "clearly falls within the realm of [this] prohibited sexual conduct pursuant [] to 18 U.S.C. § 2426(b)(1)(A)." (*Id.* at 8). In addition to the state law convictions, the Government cites other "relevant conduct encompassed in the Plea Agreement and outlined in the PSR" that supports the five-level enhancement:

> [I]n January 2023, [Mr. Morrison] conversed with Discord User Two (DC2). In that conversation, DC2 indicated he was sixteen years of age with a ten-year-old brother and that DC2 was seeking out child pornography ages 7-10. In exchange for providing to DC2 the child pornography DC2 wanted, the defendant asked DC2 to provide pics of the "ass or dick" of DC2 further asking DC2 to "put a mask on [DC2's brother]" and send the defendant a picture of his whole body. This is akin to a violation of 18 U.S.C. 2422(b) – coercion and enticement of a minor to produce child pornography – and this conduct arises to just one instance in which the defendant engaged in prohibited sexual conduct.

(*Id.* at 7). As explained below, the arguments on both sides of this issue are misguided.

### C. Merits of the Parties' Arguments

Mr. Morrison's argument that *Lusk* compels this Court to ignore the underlying facts of his voyeurism convictions is unavailing. First, in addition to being an out-of-circuit case, *Lusk*'s interpretation of the Chapter 4 Enhancement, U.S.S.G. § 4B1.5—even if persuasive—does not control this Court's reading of the Chapter 2 Enhancement, *id.* § 2G2.2(b)(5), at issue here. Unlike Chapter 2, the Chapter 4 Enhancement considered in *Lusk* applies when:

> [T]he defendant's instant offense of conviction is a covered sex crime, § 4B1.1 (Career Offender) does not apply and the defendant committed the instant offense of conviction subsequent to sustaining at least one **sex offense conviction**.

6

U.S.S.G. § 4B1.5(a) (emphasis added). The application notes define "sex offense conviction" as:

> (I) any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B), if the offense was perpetrated against a minor; and
>
> (II) does not include trafficking in, receipt of, or possession of, child pornography.

*Id.* § 4B1.5 cmt. n.3(A)(ii). And 18 U.S.C. § 2426(b)(1), in turn, provides:

> [T]he term "prior sex conviction" means a conviction for an offense—
>
> (A) under [] chapter [117], chapter 109A, chapter 110, or section 1591; or
>
> (B) under State law for an offense consisting of conduct that would have been an offense under a chapter referred to in subparagraph (A) if that conduct had occurred within the special maritime and territorial jurisdiction of the United States.

Mr. Morrison nonetheless argues that § 2G2.2(b)(5)'s pattern-of-activity enhancement "enumerates a similar list of federal statutes and their state equivalents, almost mirroring the language employed in § 4B1.5," and therefore *Lusk*'s categorical approach "must also apply to determine whether Mr. Morrison's prior [v]oyeurism convictions match the elements of 18 U.S.C. § 2251(a), as proposed in the PSR." (ECF No. 72, at 3). Not so.

As *Lusk* itself recognized, "the important textual reference for triggering the categorical approach is 'conviction,' not 'conduct.'" *Lusk*, 119 F.4th at 828. Whereas § 4B1.5 requires a predicate *conviction* for the enhancement to apply, § 2G2.2(b) does not. This distinction is one with a major difference; indeed, it is dispositive. As the Supreme Court explained, the "emphasis on convictions indicates that 'Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions.'" *Johnson v. United States*, 576 U.S. U.S. 591, 604–05 (2015)

(quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990))). Unlike the pattern-of-activity enhancement at issue in *Lusk*, Chapter 2's enhancement applies "whether or not the abuse or exploitation . . . resulted in a conviction for such conduct." U.S.S.G. § 2G2.2 cmt. n.1. As such, *Lusk* does not compel a different conclusion.

Nor does *Lusk* conflict with Sixth Circuit precedent, which has adopted the categorical approach when it comes to prior convictions:

> [I]n determining the nature of a defendant's prior conviction, we apply a "categorical" approach, meaning that we look at the statutory definition of the crime of conviction, not the facts underlying that conviction, to determine the nature of the crime.

*United States v. Johnson*, 675 F.3d 1013, 1016–17 (6th Cir. 2012) (internal citations and quotation marks omitted). The Sixth Circuit's modified categorical approach, moreover, is not an outlier, as the parties appear to suggest. *See United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014). In *Davis,* the Sixth Circuit followed *Descamps* where the Supreme Court sanctioned the modified categorical approach *only* when the state criminal statutes at issue were divisible—that is, statutes that:

> set[ ] out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

*Descamps v. United States*, 570 U.S. 254, 257 (2013). The purpose of the modified categorical approach is to establish "whether the court documents establish that the defendant 'necessarily admitted' the elements [or was convicted] of a predicate offense." *United States v. Medina–*

*Almaguer*, 559 F.3d 420, 423 (6th Cir. 2009) (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)). Indeed, the Sixth Circuit observed that, in articulating the modified categorical approach, the Supreme Court was "not announcing a new rule," but simply reaffirming the categorical approach, "which some courts had misconstrued." *See Davis*, 751 F.3d at 775 (citing *Descamps*, 570 U.S. at 260 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); *Shepard*, 544 U.S. at 25 (explaining that it is not the role of district courts, when engaged in the modified categorical approach, to "make a disputed finding of fact about what the defendant and the state judge must have understood as the factual basis" of the prior conviction)).

The Government's argument—that this Court should follow the modified categorical approach—incorrectly relies on U.S.S.G. § 4B1.5, which, again, involves predicate "sex offense convictions" and is not what the U.S. Probation Office relied on when it applied a five-level increase to Mr. Morrison's offense level. To reiterate, Probation's five-level enhancement was based on a "pattern of activity involving ***the sexual abuse or exploitation of a minor***," U.S.S.G. § 2G2.2(b)(5)—not based on a "pattern of activity involving ***prohibited sexual conduct***," *id.* § 4B1.5. As such, the Government's reliance on 18 U.S.C. § 2426(b)(1)(A) to argue that Mr. Morrison "engaged in prohibited sexual conduct" is likewise misplaced, as that statute is not one of the enumerated federal offenses in U.S.S.G. § 2G2.2(b)(5).

Rather, "[i]n assessing whether a defendant's offenses qualify as sexual abuse or exploitation of a minor," the Sixth Circuit has instructed that a court "considers whether a defendant's *underlying conduct* would constitute an enumerated federal offense." *United States v. Nichols*, 802 Fed. App'x 172, 180 (6th Cir. 2020) (emphasis added). Thus, the inquiry here is whether Mr. Morrison's conduct would constitute an offense under 18 U.S.C. §§ 2241, 2242, 2243,

9

2251(a)-(c), 2251(d)(1)(B), 2251A, 260(b), 2421, 2422, or 2423—as enumerated in U.S.S.G. § 2G2.2(b)(5). In making this determination, this Court is "permitted to find facts supporting the pattern-of-activity enhancement by a preponderance of the evidence" so long as "as the information it relies on is reliable." *See Davis*, 751 F.3d at 778.

### D. Whether Mr. Morrison's Conduct Would Constitute One of § 2G2.2(b)(5)'s Enumerated Offenses

As stated earlier, Probation found a five-level increase under U.S.S.G. § 2G2.2(b)(5) appropriate because Mr. Morrison's voyeurism convictions are "most analogous" to the federal statute criminalizing the sexual exploitation of children, 18 U.S.C. § 2251(a). That statute makes it an offense for any person to "employ[], use[], persuade[], induce[], entice[], or coerce[] any minor to engage in, or [] ha[ve] a minor assist any other person to engage in, or [] transport[] any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct . . . ." 18 U.S.C. § 2251(a). The phrase "sexually explicit conduct" includes "sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, or the lascivious exhibition of the anus, genitals, or public area of any person." 18 U.S.C. § 2256.

Mr. Morrison argues that "filming someone using a toilet does not meet the definition for the lascivious exhibition of genitalia" and, further, that "mere photographs of innocuous conduct, without more, do not [qualify]." This Court disagrees. In *Vallier*, the Sixth Circuit rejected the argument that § 2251(a)'s provisions "do not target what [the defendant] describes as the passive, surreptitious filming of teens who are simply changing clothes," noting that "[c]ourts have repeatedly upheld convictions under § 2251(a) where the defendant, with lascivious intent, secretly videoed minors engaged in otherwise innocent activities such as undressing to change clothes or

10

take a shower.*" United States v. Vallier*, 711 F. App'x 786, 788 (6th Cir. 2018) (citing cases); *see also United States v. Baxter*, No. 23-CR-10001-ADB, 2024 WL 4827782, at *4 n.3 (D. Mass. Nov. 19, 2024) (noting that although the minor's "genitals [were] not central to the images, and the bathroom is perhaps a less suggestive setting than the bedroom, . . . a reasonable jury could have concluded that these photographs constituted sexually explicit conduct under the circumstances").

Moreover, even if the conduct underlying the voyeurism convictions presents a closer call, the other relevant conduct encompassed in the Plea Agreement and outlined in the PSR supports the five-level enhancement. In January 2023, for example, Mr. Morrison conversed with Discord User Two, who indicated that he was sixteen years of age with a ten-year-old brother; in exchange for providing to DC2 the child pornography DC2 requested, Mr. Morrison asked "DC2 to provide pics of the 'ass or dick' of DC2 further asking DC2 to 'put a mask on [DC2's brother]' and send the defendant a picture of his whole body." (ECF No. 34, at 11). Mr. Morrison fails to counter these facts or otherwise argue that this conduct would not constitute an offense under 18 U.S.C. 2251(a).

Accordingly, this Court concludes that the undisputed facts support a finding that Mr. Morrison's underlying conduct, both as it relates to the voyeurism convictions and outside those convictions, would constitute an offense under 18 U.S.C. 2251(a). *See Davis*, 751 F.3d at 778*; Nichols*, 802 Fed. App'x at 180. As such, Probation did not err in applying the five-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(5). Mr. Morrison's objection to the enhancement is therefore **OVERRULED**.

## IV. CONCLUSION

For the reasons stated above and on the record at the December 18, 2024, hearing, Mr. Morrison's objection to U.S. Probation Office's application of the five-level "pattern-of-activity" enhancement under U.S.S.G. § 2G2.2(b)(5) is **OVERRULED**. This Opinion & Order shall be appended to Mr. Morrison's Judgment and Commitment Order, which will be entered separately forthwith.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: December 27, 2024**